IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALEM LOPEZ, | § | |
| | § | |
| Defendant Below, | § | No. 112, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0404018958 (N) |
| | § | |
| Appellee. | § | |

Submitted: May 4, 2023
Decided: June 20, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Alem Lopez, filed this appeal from the Superior Court's order denying his motion for correction of illegal sentence and the Superior Court's order denying his motion for reargument. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Lopez's opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that, in November 2004, a grand jury charged Lopez with multiple crimes, including first-degree murder. On September 7, 2006, Lopez pleaded guilty to manslaughter as a lesser included offense of first-degree murder

and possession of a firearm during the commission of a felony ("PFDCF") in exchange for dismissal of the other charges. After a presentence investigation, the Superior Court sentenced Lopez as follows: (i) for manslaughter, twenty-five years of Level V incarceration, suspended after twenty-three years for decreasing levels of supervision; and (ii) for PFDCF, ten years of Level V incarceration. Lopez did not appeal. In 2009, this Court affirmed the Superior Court's denial of Lopez's motion for postconviction relief under Superior Court Criminal Rule 61.[1]

(3) On December 1, 2022, Lopez filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court treated the motion as a motion for sentence reduction and denied it as untimely under Rule 35(b). Lopez filed a motion for reargument, contending that the Superior Court erred in reviewing the motion under Rule 35(b) instead of Rule 35(a). The Superior Court found that the motion for reargument failed to explain why review under Rule 35(a) would have made any difference to its ruling and denied the motion for reargument. This appeal followed.

(4) In his opening brief, Lopez argues that the Superior Court erred in failing to consider his motion for correction of illegal sentence under Rule 35(a). He also contends that his sentence is illegal because the Superior Court wrongly treated his manslaughter conviction as intentional homicide, relied on misleading and unfair

---

[1] *Lopez v. State*, 2009 WL 1317092 (Del. May 13, 2009).

2

information provided by the State concerning his previous criminal record, and imposed a sentence in excess of the State's recommendation and the Sentencing Accountability Commission ("SENTAC") Guidelines.

(5) We review the Superior Court's denial of a Rule 35 motion for correction of illegal sentence for abuse of discretion.[2] We review questions of law *de novo*.[3] A sentence is illegal under Rule 35(a) when it exceeds the statutorily authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to substance, or is a sentence that the judgment of conviction did not authorize.[4]

(6) Although the Superior Court treated Lopez's motion as a motion for reduction of sentence under Rule 35(b) instead of a motion for correction of illegal sentence under Superior Rule 35(a), we affirm the Superior Court's denial of the motion on the alternative ground that his sentence was not illegal.[5] Lopez's twenty-five year sentence for manslaughter and ten-year sentence for PFDCF fall within statutorily authorized limits and do not violate double jeopardy.[6] Lopez identifies

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014.

[3] Id.

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del.1998).

[5] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a trial court's decision "on the basis of a different rationale than that which was articulated by the trial court").

[6] 11 *Del. C.* § 632 (defining manslaughter as a class B felony); 11 *Del. C.* § 1447A (defining PFDCF as a class B felony and providing at the time of Lopez's crimes in 2004 for a three-year

3

no ambiguities, contradictions, omissions, or uncertainties in the sentence. A sentence is not illegal because it exceeds the sentence recommended by the prosecutor or SENTAC Guidelines.[7] Lopez has not shown that his sentence is illegal.

(7)    Lopez's remaining claims concerning his sentence are actually claims that his sentence was imposed in an illegal manner.[8] Such claims must be asserted within ninety days of sentencing.[9] The Superior Court may consider "an application made more than 90 days after the imposition of sentence…in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217," but neither exception applies here.[10]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

minimum sentence notwithstanding Section 4205(b)(2)); 11 *Del. C.* § 4205(b)(2) (providing that the Level V sentence for a class B felony shall be between two and twenty-five years); *Wynn v. State*, 2014 WL 4670861, at *1 (Del. Sept. 19, 2014) ("It is well-established law that a defendant may be convicted of a firearm or weapon offense used during the commission of a felony and also be separately convicted and punished for the underlying felony.").

[7] *See, e.g., Whittle v. State*, 2022 WL 202 WL 3348988, at *2 (Del. Aug. 12, 2022) (rejecting argument that sentence was illegal because it exceeded the recommended sentence in the parties' plea agreement and exceeded the SENTAC Guidelines); *Wynn v. State*, 23 A.3d 145, 151 (Del. 2011) (holding that sentences exceeding SENTAC Guidelines were not illegal).

[8] *See, e.g., Bliss v. State*, 2017 WL 1282091, at *1 (Del. Apr. 5, 2017) (describing claim that sentence was illegal because it was based on false information as a claim that sentence was imposed in an illegal manner); *Pierce v. State*, 2013 WL 1456959, at *2 (same) (Del. Apr. 9, 2013).

[9] Super. Ct. Crim. R. 35(a), 35(b).

[10] *Id.*